UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:	Case No. 22-46122

SHAKEES MON'E HAMILTON,	Chapter 7

        Debtor.	Judge Thomas J. Tucker
_____/

ANDREW R. VARA,
United States Trustee,

        Plaintiff,

v.	Adv. Pro. No. 22-4317

SHAKEES MON'E HAMILTON,

        Defendant.
_____/

**ORDER DISMISSING THIS ADVERSARY PROCEEDING, AS MOOT**

On November 15, 2022, the Plaintiff United States Trustee filed this adversary proceeding, seeking a denial of the Debtor/Defendant's discharge under 11 U.S.C. §§ 727(a)(3), 727(a)(4), and 727(a)(5). On December 5, 2022, in a separate adversary proceeding, the Chapter 7 Trustee, Stuart A. Gold, obtained a default judgment denying the Debtor/Defendant's discharge under 11 U.S.C. §§ 727(a)(4)(A) and 727(a)(4)(D). *See* Default Judgment in Adv. No. 22-4305 (Docket # 7 in Adv. No. No. 22-4305 (the "no-discharge order")).

The Court concludes that the no-discharge order renders moot the Plaintiff's claims in this adversary proceeding. This is because the Plaintiff has received the dischargeability-related relief he was seeking in this adversary proceeding — namely, that the Debtor/Defendant is denied a discharge in the Debtor/Defendant's pending Chapter 7 bankruptcy case. *See, e.g.,*

*Michigan Unemployment Insurance Agency v. Pettibone* (*In re Pettibone*), 577 B.R. 689 (Bankr. E.D. Mich. 2017).

Thus, the Court is no longer able to grant the Plaintiff any meaningful relief in addition to what the Court has already ordered. *Cf. Rosenfeld v. Rosenfeld* (*In re Rosenfeld*), 535 B.R. 186, 193-96 (Bankr. E.D. Mich. 2015), *aff'd,* 558 B.R. 825 (E.D. Mich. 2016), *aff'd* 698 F. App'x 300 (6th Cir. 2017) (dismissing, for lack of jurisdiction, a creditor's adversary proceeding seeking an order denying the debtor a discharge under several provisions of 11 U.S.C. § 727(a), where the debtor's debt to the creditor was nondischargeable under 11 U.S.C. § 523(a)); *Mapley v. Mapley* (*In re Mapley*), 437 B.R. 225, 227-30 (Bankr. E.D. Mich. 2010) (same).

Because the Plaintiff's claims have been rendered moot, this bankruptcy court no longer has authority or subject matter jurisdiction over this adversary proceeding. *See, e.g. Pettibone*, 577 B.R. at 690; *Cowan v. Ladosenszky* (*In re Ladosenszky*), 617 B.R. 275, 277-78 (Bankr. E.D. Mich. 2020).

For these reasons,

IT IS ORDERED that this adversary proceeding is dismissed, as moot, and for lack of subject matter jurisdiction.

**Signed on December 6, 2022**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**